UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>MAGDALENA LAGUNAS and<br>REGINO LAGUNAS<br><br>Debtor(s)<br><br>MAGDALENA LAGUNAS and<br>REGINO LAGUNAS<br><br>Plaintiff(s)<br>GREENPOINT MORTGAGE FUNDING, LLC<br><br>Defendant(s) | BK No.: 10-49168<br><br>Chapter: 13<br><br>Honorable Jack B. Schmetterer<br><br>Adv. No.: 11-00700 |

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

On 3/22/2011, the Complaint of Magdalena Lagunas and Regino Lagunas, the Plaintiffs in this adversary action and the debtors in voluntary bankruptcy case before this Court, came before this Court for hearing upon proper notice. The Court, having reviewed and considered the Complaint and Exhibits thereto and being otherwise fully advised in the premises, and having entered an Order of Default, now makes and enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of Plaintiffs in this matter.

FINDINGS OF FACT

1. Plaintiffs are the owners of improved parcel of residential real estate ("Real Estate") commonly known as 1757 N. Talman Ave. Chicago, Illinois 60647 and legally described as follows:
LOT 49 IN S.E. GROSS' SUBDIVISION OF LOTS 1, 2, 3, 4 AND 5 IN BLOCK 5 IN BORDEN'S SUBDIVISION OF THE WEST 1/2 OF THE SOUTHEAST SECTION 36, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

PIN: 13-36-420-002-0000

2. The Real Estate is the Plaintiffs' principal residence.

3. An appraisal was obtained through Eppraisal and a copy of said appraisal was attached to the Complaint. The appraisal states that the fair market value of the Real Estate is $76,265.00.

4. GMAC Mortgage LLC holds a first mortgage lien on the Real Estate and as of the Petition Date (11/1/2010) there was due and owing on said mortgage $264,478.19.

5. GREENPOINT MORTGAGE FUNDING, LLC holds a second mortgage lien on the Real Estate and as of the Petition Date (11/1/2010) there was due and owing on said mortgage $139,222.36.

6. As of the Petition Date (11/1/2010), the amounts due and owing on the first mortgage lien exceeded the value of the Real Estate.

7. The Debtors' Chapter 13 Plan provides that the defendant's claim will be treated as an unsecured non priority claim.

## CONCLUSIONS OF LAW

1. Jurisdiction lies under 28 USC Section 1334(b) to adjudicate, approve and enforce the Debtors' effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage will no longer by secured.

2. This is a core proceeding under 28 USC Section 157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3. Pursuant to 11 USC 1322(b)(2), a lien upon residential real estate which is the debtor's principal residence cannot ordinarily be modified. A wholly unsecured lien however can however be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan. See First Bank, Inc. vs. Van Wie, 2003 WL 1563959(S.D. Ind.2003); In Re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In Re Pond, 2001 U.S.App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th Cir BAP 1357); In Re Tanner, 217 F.3d 1357 (11th Cir); There cannot be any equity securing the lien at the time of valuation, and the lien must be wholly unsecured to be avoided and cancelled. At the time of filing (11/1/2010) the amount due of the first mortgage exceeded the value of the Real Estate; therefore the Defendant's mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendant's lien has been proven to be wholly unsecured and pursuant to 11 USC 506 can be cancelled upon successful completion of the Debtors' Chapter 13 Plan

5. The secured claim of the Defendant against the Real Estate located at 1757 N. Talman Ave. Chicago, Illinois 60647, is valued at zero.

6. The Plaintiffs are entitled to a Judgment Order declaring that, upon successful completion of the Debtors' Chapter 13 Plan and entry of debtors' discharge, the lien of the Defendant will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the debtors' discharge.

Enter:

Dated: 6/13/11

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

JUN 13 2011

**Prepared by:**

Karen Walin, #6192832
Jason Kunowski #6301820
Samuel Marrero #6299417
Chicago Legal, LLC.
3833 S. Harlem Avenue
Berwyn, IL 60402
708-795-7000